**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| JOSEPH CHHIM | § | |
| | § | |
| VS. | § | **NO. A-15-CV-919 LY** |
| | § | |
| UNIVERSITY OF TEXAS AT AUSTIN | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Motion to Dismiss Plaintiff's Complaint, filed on November 5, 2014 (Dkt. No. 24); Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, filed on November 16, 2015 (Dkt. No. 26); Defendants' Reply in Support of Motion to Dismiss Plaintiff's Complaint, filed on November 19, 2015 (Dkt. No. 28); and Plaintiff's Surreply to Defendant's Reply in Support of Motion to Dismiss Plaintiff's Complaint, filed on November 30, 2015 (Dkt. No. 29).  The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## I.   GENERAL BACKGROUND

On May 18, 2015, Plaintiff Joseph Chhim ("Chhim"), who is 70 years old and is of Cambodian descent, filed this employment discrimination lawsuit against The University of Texas at Austin ("University") after he was not hired for a supervisory custodial position.[1]  Specifically,

---

[1]This is the 16th employment discrimination lawsuit that Chhim has filed since 1990. *See, e.g., Chhim v. Univ. of Houston Clear Lake*, 4:15-cv-01272; *Chhim v. Huntleigh USA Corp.*, 4:13-cv-03261; *Chhim v. Aldine Indep. Sch. Dist.*, 4:13-cv-02623; *Chhim v. University of Houston*, 13-cv-02483; *Chhim v. Huntleigh USA Corp., et al*, 4:12-cv-03513; *Chhim v. City of Houston*, 4:11-cv-01560; *Chhim v. Spring Branch Indep. Sch. Dist., et al*, 4:09-cv-03032; *Chhim v. City of*

Chhim alleges that on December 22, 2013, he applied on-line for the position of "Building Services Supervisor-Night Shift" in the University's Department of Custodial Services.[2]  On March 7, 2014, Andrew Yanez, the University's Manager of Custodial Services, notified Chhim via e-mail that Chhim had not been selected for the position.[3]  Five days later, Chhim sent Yanez an e-mail accusing him of discriminating against Chhim due to "my national origin, race, color and age."  Attachment I to Dkt. No. 1-3.  Yanez hired another applicant who was 42 years old, Hispanic, and had more than 25 years experience working in the University's custodial department.

On March 21, 2014, Chhim filed a formal complaint with the University's Office of Institutional Equity alleging that Yanez failed to hire him because of his age and national origin.  See Dkt. No. 1-3.  After investigating the complaint, the University found no evidence of discrimination. On November 18, 2014, Chhim filed a formal Charge of Discrimination with the Texas Workforce Commission Civil Rights Division ("TWCCRD") accusing the University of age, race, and national origin discrimination.  Exh. A to Dkt. No. 26.  Chhim also checked the "retaliation" box on the Charge form and stated that he had filed a complaint with the University in September 2014. On January 30, 2015, TWCCRD dismissed Chhim's Charge of Discrimination concluding that the evidence did not establish that Chhim was discriminated against or retaliated against. Exh. C to Dkt.

---

*Houston,* 4:08-cv-02359; *Chhim v. Harris Cty. Texas, et al*; 4:02-cv-03158; *Chhim v. Bryant*, 4:00-cv-00056; *Chhim v. City of Houston, et al*, 4:95-cv-04970; *Chhim v. City of Houston,* 4:95-cv-04969; *Chhim v. City of Houston*, 4:93-cv-01634; *Chhim v. Houston Dep't of Aviation, et al*, 4:90-cv-01760; *Chhim v. City of Houston, et al*, 4:90-cv-00374.

[2]In fact, between January 2011 and March 2014, Chhim applied on-line for 11 different custodial supervisor positions in the University's custodial services department.  Ten of these applications were automatically rejected because they were incomplete.  Chhim is not pursuing any discrimination claims with regard to the incomplete applications.

[3]Yanez opined that Chhim was not the most qualified candidate for the position because he lacked the necessary oral and writing skills.

No. 26.  Instead, TWCCRD determined that the evidence showed that Chhim was not qualified for the position because he lacked "excellent written and oral communication skills." *Id.*  It further noted that Chhim's application contained "numerous multiple grammatical errors, no punctuation, and several times you use the incorrect word." *Id.*  TWCCRD concluded that "[b]ecause [Chhim] did not meet this requirement, and because the person hired for the position was more qualified, there is insufficient evidence to show that [Chhim] [has] a prima facie case for discrimination." *Id.*

Chhim originally filed this lawsuit in the 164th Judicial District of Harris County, Texas, alleging race, national origin and age discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA").  On June 30, 2015, the University removed this case to the United States District Court for the Southern District of Texas, Houston Division.  On October 15, 2015, the Honorable Vanessa D. Gilmore granted the University's Motion to Transfer and transferred the case to the Western District of Texas, Austin Division.  Dkt. No. 14.  The University has now filed its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Chhim's ADEA claim is barred by sovereign immunity.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombl*y, 550 U.S. at 570).  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true.  *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009).

A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction tests the court's statutory or constitutional power to adjudicate the case.  *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).  When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court should address the jurisdictional attack before addressing any attack on the merits.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ( "Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter . . . .").

## III.  ANALYSIS

### A.    ADEA Claim

Chhim's Reply brief clarifies that he is indeed pursuing an age discrimination claim under the ADEA.  The University argues that Chhim's claim under the ADEA is barred by the doctrine of sovereign immunity.[4] The Court agrees.

---

[4]While sovereign immunity is often referred to as "Eleventh Amendment immunity," the Supreme Court has noted that such a phrase is "something of a misnomer, for the sovereign

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Virginia Office for Protection and Advocacy v. Stewart,* 131 S.Ct. 1632, 1638 (2011). Accordingly, absent a waiver or valid abrogation, "federal courts may not entertain a private person's suit against a State." *Id*. at 1638. It is well-established that sovereign immunity applies not only to actions where a state is actually named as a defendant, but also to "ceratin actions against state agents and state instrumentalities." *Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). In *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000), the United States Supreme Court specifically held that "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." *Id.* at 91. Accordingly, the United States Court of Appeals for the Fifth Circuit has repeatedly applied *Kimel* to dismiss ADEA claims against state universities on the basis of sovereign immunity. *See Mc Garry v. Univ. of Mississippi Med. Ctr.*, 355 F. App'x 853, 857 (5th Cir. 2009) (citing *Kimel* and holding that ADEA claims against state university were barred by the Eleventh Amendment); *Sullivan v. Univ. of Texas Health Sci. Ctr.*, 217 F. App'x 391, 392 (5th Cir. 2007) (holding that ADEA claims against the University of Texas Health Science Center were barred by Eleventh Amendment); *Simon v. Tex. Rehab. Comm'n*,  66 F. App'x 525, at * 1(5th Cir. April 17, 2003) (same).

The University is a state university and institution of higher education organized under the laws of the State of Texas. TEX. EDUC. CODE ANN. § 67.02. Accordingly, the University is

---

immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Alden v. Maine*, 527 U.S. 706, 713 (1999). As the Supreme Court explained in *Alden*, "the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today. . . ." *Id.* Regardless, courts continue to use "Eleventh Amendment immunity" and "sovereign immunity" interchangeably.

entitled to sovereign immunity with regard to Chhim's ADEA claim and, that claim should be dismissed for lack of jurisdiction under Rule 12(b)(1).

**B.      Title VII Discrimination Claim**

Chhim also alleges that the University discriminated against him on the basis of race and national origin by failing to hire him for the supervisory custodial position in violation of Title VII of the Civil Rights Act of 1964.  The University argues that Chhim has failed to allege sufficient facts to support these discrimination claims.

Title VII prohibits employers from discriminating against employees and potential employees based on an individual's race, color, religion, sex, or national origin. 42 U.S .C. § 2000e–2(a).  To prevail on a Title VII claim, a plaintiff must establish a *prima facie* case that the employer based its decision not to hire him on his race or national origin.  *Patrick v. Ridge,* 394 F.3d 311, 313 (5th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  To do so, a plaintiff must show that (1) he is a member of a class protected under the statute; (2) he was qualified for the position; (3) the employer took an adverse employment action against him; and (4) someone outside of the protected class was hired instead. *Id.*  After the plaintiff establishes his *prima facie* case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its adverse employment decision. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). If the defendant meets this burden, the burden shifts back to the plaintiff to show that (1) the defendant's proffered reason is not only untrue, but is pretextual; or (2) the defendant's proffered reason is true, but is only one of the reasons, with the protected characteristic being a "motivating factor." *Id.* Finally, if the plaintiff succeeds, the burden shifts back to the defendant to prove "it would have taken the same action in the absence of the impermissible motivating factor." *Id*. at 312–13.

The University argues that Chhim's discrimination claim fails because he has failed to demonstrate that the second and fourth factors of a *prima facie* case of employment discrimination, that he was qualified for the position and that similarly situated employees were treated more favorably.  While an employment discrimination plaintiff need not make out a *prima facie* case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002), the complaint must still contain sufficient facts to support a claim for relief that is "plausible" on its face. *Twombly*, 550 U.S. at 570. To state a claim of race discrimination, a Title VII plaintiff must allege facts concerning an adverse employment action that allegedly occurred because of the plaintiff's protected status. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).  As the Fifth Circuit has explained, "the 'ultimate question' in a Title VII disparate treatment claim remains 'whether a defendant took the adverse employment action against a plaintiff *because of* her protected status.'" *Raj*, 714 F.3d at 331(quoting *Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 576 (5th Cir. 2004) (emphasis in original)).  Chhim's Complaint fails to allege any facts whatsoever that suggest the University's decision to not hire him was based on his race or national origin. *See Raj*, 714 F.3d at 331("Raj's complaint and speculation did not allege any facts, direct or circumstantial, that would suggest LSU's actions were based on Raj's race or national origin or that LSU treated similarly situated employees of other races or national origin more favorably."); *Sudduth v. Texas Health & Human Servs. Comm'n*, 2014 WL 1513969, at *3 (W.D. Tex. Apr. 16, 2014) (granting motion to dismiss where plaintiff failed to allege any facts from which the Court could "plausibly infer her termination was based on her race"); *Smith v. Dallas Cty. Hosp. Dist.*, 2014 WL 645248, at * 6 (N.D. Tex. Feb. 19, 2014) (dismissing Title VII claim where plaintiff failed to allege any facts demonstrating that any

of the defendant's actions were motivated by his race).  Because Chhim's Complaint fails to allege

facts that establish a plausible Title VII discrimination claim, his claim must be dismissed.

**C.     Title VII Retaliation Claim**

"Pursuant to Title VII, an employer may not discriminate against an employee because the

employee has 'opposed any practice made an unlawful employment practice. . .or because he has

made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or

hearing' under Title VII."  *LeMaire v. Louisiana Dep't of Transp. & Dev.*, 480 F.3d 383, 388 (5th

Cir. 2007) (quoting 42 U.S.C. § 2000e–3).  To establish a retaliation claim, a plaintiff must show

that: "(1) he engaged in an activity [in opposing discrimination]; (2) he was subjected to an adverse

employment action; and (3) a causal connection exists between the protected activity and the adverse

employment action."  *Id.*  If the employee establishes a *prima facie* case, the burden shifts to the

employer to state a legitimate, non-retaliatory reason for its decision.  *Id.*  After the employer states

its reason, the burden shifts back to the employee to demonstrate that the employer's reason is

actually a pretext for retaliation. *Id.* at 388-89.

Chhim's Complaint alleges that the University retaliated against him by not hiring him

because he had "previously filed employment discrimination complaint [sic]." Complaint at ¶ 16.

It is unclear which "complaint" Chhim is referring to.  In his TWCCD Charge of Discrimination,

Chhim only refers to a *September 2014* complaint he filed with the University's Office of

Institutional Equity.  This complaint, however, was filed *after* he was notified that he was not hired

for the Building Services Supervisor position.  Thus, there could not have been "a causal connection"

between the protected activity and adverse employment action.  *See Stone v. Louisiana Dept. of

Revenue*, 590 F. App'x 332, 341 (5th Cir. 2014) (holding that there could not have been a causal

connection between retaliatory actions that occurred before filing a complaint), *cert. denied*, 135 S.Ct. 2814 (2015).

In his briefs in response to the Motion to Dismiss, Chhim further alleges that he had filed internal administrative complaints against Yanez in 2012 and on January 26, 2014.   However, Chhim failed to include these previous complaints in his TWCCRD Charge of Discrimination. "[A]n employee may not base a Title VII claim on an action that was not previously asserted in a formal charge of discrimination to the EEOC, or that could not 'reasonably be expected to grow out of the charge of discrimination.'" *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 795 (5th Cir.), *cert. denied*, 549 U.S. 888 (2006)).  Because Chhim failed to include these previous complaints in his Charge of Discrimination, and those complaints could not reasonably be expected to have "grown out" of the allegations regarding the September 2014 complaint (since they predated the September 2014 complaint), any retaliation claim based on these previous complaints should be dismissed for failure to exhaust administrative remedies.

Alternatively, even if Chhim had exhausted his administrative remedies with regard to the complaints from 2012 and January 2014, his retaliation claim would nevertheless fail because he has failed to allege sufficient facts showing a causal connection between his engaging in protected activity and his failure to be hired for the position.   Chhim appears to rely solely on temporal proximity between his protected activities and his failure to be hired to support his claim.   While temporal proximity between the protected activity and the adverse can prove the causation element "when the protected act and the adverse employment action are 'very close' in time," *Washburn v. Harvey*, 504 F.3d 505, 511 (5th Cir. 2007), "the mere fact that some adverse action is taken *after* an employee engages in some protected activity will not always be enough for a *prima facie* case."

*Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir. 2004).  The University's decision not to hire Chhim occurred almost two years after he alleges he filed his first complaint against Yanez and three months after the alleged January 2014 complaint.  Such delays between the protected activity and adverse employment action refutes any causal link between the two events. *See Clark Cnty. School Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (citing, with approval, cases finding three-and-four-month periods between protected activity and adverse employment action failed to establish prima facie case under Title VII based on temporal proximity); *Johnson v. McDonald*, 2015 WL 5010958, at *3 (5th Cir. Aug. 25, 2015) (finding that "the nearly two year gap between the settlement and alleged retaliation also refutes any causal link between the two events."); *Myers v. Crestone Int'l, LLC*, 121 F. App'x 25, 28 (5th Cir. 2005) (holding that evidence that employee's termination followed approximately three months after her complaints of discrimination was insufficient to establish a causal connection between her termination and the protected conduct). Accordingly, Chhim's Complaint fails to allege facts that establish a plausible Title VII retaliation claim and his retaliation claim must therefore be dismissed pursuant to Rule 12(b)(6).

## IV.  RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. No. 24) and dismiss Plaintiff Joseph Chhim's case in its entirety.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of January, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE